UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONOFRE SALAS-LOZANO,<br><br>Defendant. | Case No.  5:23-cr-00101-EJD-1<br><br>**ORDER REGARDING MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 73, 82, 99 |

On November 21, 2024, the Court held a pretrial conference and issued several oral rulings on the Government's and Defendant's Motions *in Limine* ("MILs" or "motions").  ECF No. 103. The Court expands upon those oral rulings here.

## I.   THE GOVERNMENT'S MOTIONS *IN LIMINE*

The Government filed thirteen MILs.  *See* Gov. MILs, ECF No. 73.  Defendant opposed eleven of these motions.  *See* Def.'s Opp'n to Gov. MILs ("Def. Opp'n"), ECF No. 84.  The Court addresses each in turn.

### A.   Motion to Exclude Evidence of Victim's Sexual History

The Government moves pursuant to Federal Rule of Evidence ("FRE") 412 to exclude any evidence of J.J.'s sexual history.  Gov. MILs 2–4.  The Court will hold a separate hearing pursuant to the procedures required in FRE 412.  This motion is therefore **DEFERED.**

### B.   Motion to Exclude Improper Character Evidence of Defendant

The Government moves pursuant to FRE 404(a) to exclude improper character evidence of Defendant, including evidence regarding his reputation and character.  Gov. MILs 4–7.  Defendant opposes the motion as premature, arguing that the Government has not identified the specific

evidence it seeks to exclude, and further states he does not intend to present improper character evidence. Def. Opp'n 3–7. As a general matter, however, Defendant argues that some character evidence may be permissible. *Id.* For example, pertinent character traits of a defendant charged with sexual assault could include peacefulness and nonviolence. *Id.* at 4 (citing *Wycuff v. Haviland*, 2020 WL 529299, at *11 (S.D. Oh. Feb. 3, 2020); *Kemberling v. Capozza*, 2023 WL 6465865, at *6 (M.D. Pa. Oct. 2, 2023); *Sickels v. Craig*, 2017 WL 1380458, at *8 (N.D. Iowa Apr. 17, 2017); *West v. Varano*, 2014 WL 7139790, at *12 (M.D. Pa. Dec. 12, 2014)).

The Court **DEFERS** the Government's MIL No. 2. The Court intends to follow the rules of evidence, but the Government has not identified any FRE 404(a) evidence it seeks to preclude. If this issue arises at trial, the Government may re-raise its objections and respond to Defendant's argument regarding the admissibility of peacefulness and nonviolence as character traits.

### C.    Motion to Exclude Self-Serving Hearsay Statements Offered by Defendant

The Government moves pursuant to FRE 801 to exclude Defendant from offering the self-serving statements he made in law enforcement interviews, arguing that such statements are improper hearsay and not subject to the FRE 106 rule of completeness. Gov. MILs 7–9. Defendant opposes the motion as premature, again arguing that the Government has not identified any particular evidence it seeks to exclude. Def. Opp'n 7–8. Moreover, Defendant argues that certain out-of-court statements he made in law enforcement interviews may be offered for a purpose other than the truth of the matter asserted, or may be admissible under various hearsay exceptions. *Id.*

The Court **GRANTS** the Government's MIL No. 3 as a general matter. The Court will follow the Ninth Circuit's teachings in *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). To that end, as discussed in the hearing, the parties will meet and confer regarding the statements they intend to introduce and re-raise the issue with the Court if necessary.

### D.    Motion to Limit Public Display of Sexual Assault Examination Photographs

The Government moves pursuant to 18 § USC 3771(8) to limit the publication of J.J.'s SART examination photographs. Gov. MILs 9. Defendant does not oppose, though notes that the photographs may need to be shown to the jury should the experts disagree regarding what the

1  photographs depict.  Def. Opp'n 8–9.

2      The Court **GRANTS** the Government's MIL No. 4.  The Court will exercise careful

3  discretion to limit the display of J.J.'s SART examination photographs to the Court, counsel, or

4  jury only when necessary.

### E.  Motion to Admit Victim's Non-Hearsay Statements Made for Medical Diagnosis and Treatment to Sexual Assault Forensic Nurse Examiner

The Government moves pursuant to FRE 803(4) to introduce J.J.'s statements made during

her SART examination, including statements regarding the date and time of the assault, where the

assault occurred, identification of Defendant as the assailant, and details of the assault.  Gov. MILs

10.  Defendant opposes, arguing that the statements J.J. made during her SART examination do

not fall under FRE 803(4) because she did not make the statements for the purpose of obtaining a

medical diagnosis or treatment.  Def. Opp'n 9–10.  Instead, Defendant characterizes the statements

as "testimonial" under *Crawford v. Washington*, 541 U.S. 36 (2004), because J.J. did not want or

need a medical examination, and she only agreed to an examination at the request of law

enforcement agents after they transported her to the examination.  *Id.*  Alternatively, should the

Court find J.J.'s statements were not "testimonial," Defendant also argued at the hearing that J.J.'s

specific statement identifying Defendant as the assailant was unrelated to her medical history, past

or present symptoms or sensations, their inception, or their general cause under FRE 803(4).  *Id.*

The Court **GRANTS** the Government's MIL No. 5.  The fact that law enforcement

suggested J.J. receive a SART examination or transported her to the examination do not bring her

statements outside the scope of FRE 803(4).  The Court also does not find J.J.'s identification of

Defendant as the alleged assailant objectionable under FRE 803(4).  If Defendant discovers other

specific statements J.J. made during the examination that Defendant finds objectionable,

Defendant may raise those statements with the Court at that time.

### F.  Motion to Exclude Hearsay Regarding Collateral Civil or Administrative Investigations into Charged Conduct

The Government moves pursuant to FRE 401 and 403 to exclude evidence of the QSI's

sexual harassment investigation or its conclusions as irrelevant and prejudicial.  Gov. MILs 11–13.

Case No.: 5:23-cr-00101-EJD-1
ORDER REGARDING MOTIONS *IN LIMINE*
3

United States District Court
Northern District of California

Defendant indicated during oral arguments that he does not intend to introduce any report of the QSI investigation or its findings, but he may seek to introduce other admissible evidence uncovered during the investigation. *See* Def. Opp'n 10–11.

The Court **GRANTS IN PART** and **DENIES IN PART** the Government's MIL No. 6. The Court excludes evidence of the QSI investigation and its conclusions as irrelevant, but notes that evidence uncovered in the investigation might be admissible for impeachment or other permissible purposes subject to ruling on an objection, and Defendant may testify generally to his experiences at work.

### G.    Motion to Prohibit References to the Government's Failure to Call Equally Available Witnesses

The Government moves to preclude Defendant from arguing that the jury should make an adverse inference from the Government failing to call equally available witnesses under *Kean v. C.I.R.*, 469 F.2d 1163, 1187 (9th Cir. 1972). Gov. MILs 13–14. Defendant opposes, arguing that he must be permitted to comment on the Government's failure to prove its case. Def. Opp'n 11–12.

The Court **GRANTS** the Government's MIL No. 7. Defendant is of course permitted to comment on the Government's failure to meet its burden to overcome the presumption of innocence, but he may not specifically comment on the Government's failure to call equally available witnesses. Recognizing that the availability of witnesses is a factual question, if Defendant wishes to argue that the Government failed to call a specific witness who is not equally available, the Court will conduct another discussion on the subject.

### H.    Motion to Preclude All References to Punishment

The Government moves pursuant to FRE 401 and 403 to preclude Defendant from referring to potential punishment as irrelevant and prejudicial. Gov. MILs 14–15. Defendant does not oppose this request, but notes there is nothing improper about reminding jurors of the seriousness of their task and the Government's high burden of proof. Def. Opp'n 12–13. Defendant also asks that the requirement be reciprocal, and the Government be prohibited from arguing that Defendant is a danger to society or needs to be punished. *Id.*

United States District Court
Northern District of California

The Court **GRANTS** the Government's MIL No. 8.  Defendant may not reference punishment, but he remains permitted to discuss the relevant standards and burden of proof to the jury.  The Government is similarly precluded from suggesting that Defendant is a danger to society or needs to be punished.

### I.    Motion to Preclude Improper Efforts to Elicit Jury Sympathy

The Government moves pursuant to FRE 401 and 403 to preclude evidence regarding Defendant's circumstances, health, or the effect of the investigation or conviction on himself or others as irrelevant and prejudicial.  Gov. MILs 15–16.  During oral arguments, the Government referred to evidence that Defendant's wife died as an example.  Defendant opposes, arguing the motion is overly broad, and the jury's instruction to not be improperly influenced by feelings of sympathy or dislike is sufficient.  Def. Opp'n 13–14.

The Court **GRANTS IN PART** and **DENIES IN PART** the Government's MIL No. 9. Untoward efforts to elicit juror sympathy are not permitted, and the Court will issue rulings on references to Defendant's background character, family circumstances, or other acts as they arise. The Court also observes that Defendant's wife's passing is raised in other evidence the Government intends to bring, i.e., J.J.'s statements to law enforcement.

### J.    Motion to Require Defendant to Offer Good Faith Basis for Any *Henthorn*-Type Cross-Examination of a Government Witness

The Government moves for an order requiring that Defendant offer a good faith basis prior to any questioning regarding law enforcement misconduct under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  Gov. MILs 16.  Defendant opposes, arguing that the requirement to have a good faith basis to present certain questions to witnesses is a basic ethical requirement, not an evidentiary one.  Def. Opp'n 16.  In any event, Defendant indicates that he has not received any evidence from the Government related to law enforcement misconduct.  *Id.*

The Court **DEFERS** the Government's MIL No. 10.  The parties indicated during oral arguments that the Government has not yet produced certain discovery that may be relevant to *Henthorn*-type questioning.  If Defendant receives information relevant to officer misconduct and

United States District Court
Northern District of California

United States District Court
Northern District of California

wishes to use this information in its examination, the Court will hold a further FRE 104 hearing.

### K.    Moton to Require Defendant to Provide Evidentiary Basis for Any Affirmative Defense

The Government moves for an order requiring Defendant to provide an evidentiary basis for any affirmative defense.  Gov. MILs 16.  Defendant opposes, highlighting that he has not presented an affirmative defense in this case.  Def. Opp'n 14–15.

The Court **DENIES** the Government's MIL No. 11 as moot.  Defendant does not intend to proffer an affirmative defense at this time. The Government may re-raise this objection should Defendant later seek to make an affirmative defense at trial.

### L.    Motion to Admit Certified Business Records

The Government moves pursuant to FRE 803(6) and 902(11) for an order permitting the Government to introduce certain QSI records using custodian or records declarations as foundation.  Gov. MILs 15.  The parties indicated during oral arguments that they plan to meet and confer to see whether they can reach an agreement on this matter.  The Court therefore **DEFERS** the Government's MIL No. 12.

### M.    Motion to Enforce Reciprocal Discovery Obligations

The Government requests an order requiring Defendant to provide all discovery he intends to use at trial.  Gov. MILs 18–19.  Defendant opposes the motion as broad and vague, arguing that he has complied with his discovery obligations.  Def. Opp'n 15–17.

The Court **DEFERS** the Government's MIL No. 13.  The Court expects both parties to comply with all discovery obligations and will address specific discovery issues as they arise.

## II.    DEFENDANT'S MOTIONS *IN LIMINE*

Defendant filed seven MILs.  *See* Def. MILs, ECF No. 82.  The Government opposed five of these motions.  *See* Gov.'s Opp'n to Def. MILs ("Gov. Opp'n"), ECF No. 87.  The Court addresses each in turn.

### A.    Motion to Exclude Opinion Testimony of Government Witnesses

Defendant separates first motion into four parts.  Def. MILs 1–9.

1    First, Defendant moves pursuant to Federal Rule of Criminal Procedure 16(d)(2) to

2  exclude any untimely opinion testimony.  Def. MILs 1.  The Government objects, arguing that

3  Defendant has not disclosed the opinions he seeks to exclude.  Gov. Opp'n 1.  The Court generally

4  **GRANTS** Defendant's request.  The parties must comply with their respective expert discovery

5  obligations; but should specific untimely expert opinions arise, the parties may re-raise this issue

6  with the Court.

7    Second, Defendant moves to preclude reference to witnesses as "experts."  Def. MILs 9.

8  The Government does not object.  Gov. Opp'n 1.  The Court **GRANTS** Defendant's request.  The

9  Court will not refer to the expert witnesses as "experts," but will read Criminal Jury Instruction

10  3.14 to introduce opinion testimony to the jury after counsel lays the necessary foundation.

11    Third, Defendant moves to preclude Agent Gonzalez from introducing opinion testimony.

12  Def. MILs 3.  The Government does not object, indicating that Agent Gonzalez will testify only as

13  a fact witness.  Gov. Opp'n 2.  The Court **GRANTS** Defendant's request.

14    Fourth, Defendant moves to limit the Government's forensic nurse witness, Kristine

15  Setterlund, from offering opinion testimony.  Def. MILs 3–9.  The Government opposes and

16  moves separately for an order excluding certain opinions of Defendant's forensic nurse witness,

17  Rachel Countryman.  Gov. Opp'n 2–9; *see also* Gov. Mot. to Exclude Expert Opinions, ECF No.

18  99.  The Court finds it more appropriate to discuss this topic during the upcoming FRE 412

19  hearing.  The Court therefore **DEFERS** this request.

20    **B.    Motion to Preclude Any Reference to JJ as "Victim"**

21    Defendant moves pursuant to FRE 403 to exclude any reference to J.J. as a "victim,"

22  arguing that the label "victim" is prejudicial and assumes the crime occurred.  Def. MILs 9–10.

23  The Government objects, arguing that it would be prejudiced by having to restrain witnesses from

24  using the word "victim," and the jury instruction regarding the presumption of innocence is

25  sufficient to address Defendant's concerns.  Gov. Opp'n 9–10.

26    During oral argument, Defendant also raised a new request that he be allowed to refer to

27  J.J. by her full name rather than a pseudonym.  The Government did not object, although noted

28  Case No.: 5:23-cr-00101-EJD-1
  ORDER REGARDING MOTIONS *IN LIMINE*

United States District Court
Northern District of California

1  that Defendant is not permitted to use J.J.'s full name in a way that would harass the witness.

2      The Court generally **DENIES** Defendant's MIL No. 2.  The Government does not need to

3  prevent its witnesses from using the word "victim," but it also must not instruct witnesses to use

4  the word.  The Court and parties will otherwise avoid the use of the word "victim."  The Court

5  also **GRANTS** Defendant's related oral motion to use J.J.'s full name at trial.

6      **C.**    **Motion to Exclude All Non-Exempt Government Witnesses as a Matter of Law**

7      Defendant moves pursuant to FRE 615 to preclude all witnesses, other than one Government

8  agent and experts when appropriate, from observing trial or discussing testimony.  Def. MILs 10–

9  12.  The Government does not oppose excluding non-exempt witnesses from trial, but notes that

10  witnesses who are no longer subject to recall should be able to observe trial.  Gov. Opp'n 10.

11      The Court **GRANTS** Defendant's MIL No. 3.  The Court will exclude all testifying

12  witnesses from the courtroom except those authorized by statute, including one designated agent

13  and the expert witnesses when appropriate.

14      **D.**    **Motion to Preclude Witnesses from Reading Transcripts or Discussing Case**

15      Defendant moves pursuant to FRE 615 to preclude witnesses from reading transcripts or

16  discussing this case.  Def. MILs 12–14.  The Government is not opposed to prohibiting witnesses

17  from discussing their testimony, but objects to prohibiting access to trial transcripts if necessary

18  for rebuttal.  Gov. Opp'n 11–12.

19      The Court **DEFERS** Defendant's MIL No. 4.  The Court will address this issue when and

20  if it arises at trial.

21      **E.**    **Motion to Make Case Agent Testify Before Non-Exempt Witnesses**

22      Defendant moves for an order requiring the Government's designated case agent to testify

23  before the Government's non-exempt witnesses.  Def. MILs 16.  The Government opposes,

24  arguing that it requires flexibility to present its case in the manner most helpful to assist the jurors.

25  Gov. Opp'n 11–12.

26      The Court **DENIES** Defendant's MIL No. 5.  The Court will allow both parties to present

27  their cases as they see fit.

28  Case No.: 5:23-cr-00101-EJD-1
ORDER REGARDING MOTIONS *IN LIMINE*

United States District Court
Northern District of California

**F.    Motion to Exclude All "Other Acts" Evidence Under Rules 404(b) and 403**

Defendant moves pursuant to FRE 404(b) and 403 to exclude any evidence of Defendant's "other acts" as prejudicial and lacking timely notice.  Def. MILs 16–17.  The Government opposes, noting two pieces of evidence it seeks to introduce that could possibly implicate FRE 404(b): Defendant's deletion and blocking of J.J.'s messages, and Defendant's factory reset of his phone.  Gov. Opp'n 12–14.  Defendant indicated at oral arguments that he does not object to the first category of evidence but opposes the introduction of the factory reset.

The Court **DEFERS** Defendant's MIL No. 6.  The Court does not consider Defendant's factory reset to be FRE 404(b) evidence of "other acts."  Rather, the Court considers this factual evidence which could be admissible if, for example, it is relevant to Defendant's testimony regarding his cell phone.  Should additional evidence arise that implicate FRE 404(b), the parties may revisit this issue with the Court.

**G.    Motion to Compel Production of Discovery and Continue Trial Date**

Defendant withdrew his request to continue trial, but still moves to compel certain discovery.  Def. MILs 20–25; *see also* Def. Notice of Withdrawal, ECF No. 102.

After discussing outstanding discovery disputes with the parties, the Court **DEFERS** Defendant's MIL No. 7.  The parties plan to meet and confer regarding several discovery requests and will re-raise any remaining unresolved disputes with the Court.

However, as indicated in the hearing, the Court declines Defendant's oral request to compel the production of J.J.'s A-file.  Defendant lacks the required good faith belief that any relevant evidence will be discovered in J.J.'s A-file, relying instead on mere speculation.  Accordingly, the Court will not request or otherwise order that the immigration file of the complaining witness be provided to any counsel for any purpose.  If Defendant obtains additional evidence supporting his request, he may raise it with the Court.  The Court also notes its grave concerns that needlessly interjecting any immigration issues into this trial may generate undue prejudice or undue sympathy, and cautions the parties to consider the risks associated with potentially infecting this trial with that issue unnecessarily.

Case No.: 5:23-cr-00101-EJD-1
ORDER REGARDING MOTIONS *IN LIMINE*

United States District Court
Northern District of California

### III.    CONCLUSION

Based on the foregoing, the Court issues the following orders:

- Gov. MIL No. 1: DEFER
- Gov. MIL No. 2: DEFER
- Gov. MIL No. 3: GRANT
- Gov. MIL No. 4: GRANT
- Gov. MIL No. 5: GRANT
- Gov. MIL No. 6: GRANT IN PART/DENY IN PART
- Gov. MIL No. 7: GRANT
- Gov. MIL No. 8: GRANT
- Gov. MIL No. 9: GRANT IN PART/DENY IN PART
- Gov. MIL No. 10: DEFER
- Gov. MIL No. 11: DENY
- Gov. MIL No. 12: DEFER
- Gov. MIL No. 13: DEFER

* * *

- Def. MIL No. 1: GRANT IN PART/DEFER IN PART
- Def. MIL No. 2:  DENY
- Def. MIL No. 3: GRANT
- Def. MIL No. 4: DEFER
- Def. MIL No. 5: DENY
- Def. MIL No. 6: DEFER
- Def. MIL No. 7: DEFER

**IT IS SO ORDERED.**

Dated: November 22, 2024

_____
EDWARD J. DAVILA
United States District Judge